# IN THE SUPREME COURT OF THE STATE OF DELAWARE

IN THE MATTER OF A MEMBER OF THE BAR OF THE SUPREME COURT OF THE STATE OF DELAWARE:

STEPHEN L. NOWAK,

Petitioner.

§§§ No. 265, 2017
§
§ Board Case No. 112896-R
§
§
§
§

Submitted: July 6, 2017
Decided: July 13, 2017

Before **VALIHURA**, **VAUGHN**, and **SEITZ**, Justices.

## ORDER

This 13th day of July 2017, it appears to the Court that:

(1)     On September 22, 2010, this Court suspended the petitioner, Stephen L. Nowak, from the practice of law for one year, retroactive to October 20, 2009 when the Court transferred him to disability inactive status.[1] Although eligible to petition for reinstatement beginning October 20, 2010, Nowak pursued a different career.   In September 2014, we granted Nowak's petition to be transferred to retirement status.[2]

(2)     In February 2017, Nowak filed a petition for reinstatement allowing him to return to active status for the purpose providing *pro bono* legal services on a limited basis.   The Board on Professional Responsibility held a hearing on

---

[1] *In re Nowak*, 2010 WL 3699843 (Del. Sept. 22, 2010) (suspension order); 2009 WL 3447288 (Del. Oct. 20, 2009) (disability inactive order).

Nowak's petition and filed its Report and Recommendations with this Court on June 30, 2017. The Board recommends that Nowak be reinstated with certain conditions. Neither Nowak nor the Office of Disciplinary Counsel have filed any objections to the Board's Report.

(3) The Court has reviewed the Report and Recommendations carefully. The Court has determined that the Board's Report and Recommendations should be adopted in its entirety.

NOW, THEREFORE, IT IS ORDERED the Board's Report and Recommendations are hereby ACCEPTED. Stephen L. Nowak, Esquire shall be reinstated, effective immediately, as a member of the Bar of this Court subject to a two-year period of probation with all of the conditions set forth in the attached Report.

BY THE COURT:

Justice

---

[2] *In re Nowak*, 2014 WL 4674185 (Del. Sept. 19, 2014).

BOARD ON PROFESSIONAL RESPONSIBILITY

OF THE SUPREME COURT OF THE STATE OF DELAWARE

In the Matter of a                    )
Member of the Bar of the              )         **CONFIDENTIAL**
Supreme Court of Delaware:            )
                                      )         Board Case No. 112896-R
STEPHEN L. NOWAK,                     )
                                      )
Petitioner.                           )
                                      )

### REPORT OF BOARD ON
### PETITION FOR REINSTATEMENT

A panel of the Board on Professional Responsibility (the "Board") was convened on April 27, 2017 to hear the petition of Stephen L. Nowak ("Petitioner") for his reinstatement to the practice of law. The members of the panel for the Board were Louise Roselle, Deirdre McCartney, Esquire, and D. Benjamin Snyder, Esquire as Chair (the "Panel"). Patricia Bartley Schwartz, Esquire represented the Office of Disciplinary Counsel ("ODC"). Petitioner appeared *pro se*.

## I. Background

Petitioner was admitted to practice before the Supreme Court of the State of Delaware on December 9, 1987.[1] On October 20, 2009, he was transferred to Disability Inactive Status pursuant to Disciplinary Procedural Rule 19(c).[2] On May 10, 2010, the Office of Disciplinary Counsel filed a Petition for Discipline.[3] On June 23, 2010, the Board on Professional Responsibility held a hearing on the petition, and on August 3, 2010, the board issued a report of its findings to the Delaware Supreme Court.[4] The Board found (and Petitioner admitted) violations of five rules of

---

[1] Stip. of Fact at ¶B1. Citations to Stip. of Fact at ___ are to the Stipulation of Facts submitted by the parties on April 24, 2017.
[2] Stip. of Fact at ¶B2.
[3] Stip. of Fact at ¶B3.
[4] Stip. of Fact at ¶B4.

I

the Delaware Lawyer's Rules of Professional Conduct.[5]  The violations were based upon Petitioner's failure to maintain books and records, safeguard client funds, supervise non-lawyer assistants, and misrepresentations in his Supreme Court Certificates of Compliance.[6]  On September 22, 2010, the Delaware Supreme Court approved the report of the board and suspended Petitioner from the practice of law for one year, retroactive to when he was transferred to Disability Inactive Status.[7]  Petitioner was eligible to petition for reinstatement on October 20, 2010.[8]

After practicing for 22 years, Petitioner decided not to seek reinstatement, and instead pursued a career in information technology.[9]  In August of 2014, Petitioner filed a petition to be transferred from Disability Inactive and Suspended Status to Retirement Status.[10]  On September 19, 2014, the Supreme Court granted that petition, and required that "[s]hould Petitioner request a transfer from Retirement Status, he must petition for reinstatement and prove by clear and convincing evidence the factors for reinstatement outlined in Disciplinary Procedural Rule 22(g)(1)-(8).[11]

On February 17, 2017, Petitioner filed a Petition for Reinstatement, seeking to reinstate his license to practice law.  While Petitioner does not plan to return to the full time practice of law or leave his current employment, he would like his license reinstated to enable him to provide *pro bono* legal services on a limited basis.[12]  This is the Board's decision following its hearing on that petition.

---

[5] *In re Nowak*, 5 A.3d 631 (Del. 2010) (table).
[6] *Id.* at *5.
[7] Stip. of Fact at ¶B5-6.
[8] Stip. of Fact at ¶B7.
[9] Tr. at p 11, 6-19.
[10] Stip. of Fact at ¶B8.
[11] Stip. of Fact at ¶B8. *See In re Nowak*, Del. Supr., No. 519, 2015, Ridgely, J. (September 19, 2014).
[12] Tr. at pp 17-18.

2

## II. Applicable Legal Standard

Under Rule 22(g) of the Rules of Disciplinary Procedure, Petitioner has the burden of demonstrating by clear and convincing evidence:[13]

    (1) the petitioner's professional rehabilitation, including substantial rehabilitation from any drug or alcohol problem from which the petitioner had suffered;

    (2) the petitioner's compliance with all applicable disciplinary orders and other rules, including conditions of restitution;

    (3) the petitioner's fitness to practice;

    (4) the petitioner's overall competence and current awareness of recent developments in the law;

    (5) that the petitioner has not engaged in any other professional misconduct in any jurisdiction since suspension or disbarment;

    (6) that the petitioner sincerely recognizes the wrongfulness and seriousness of any misconduct upon which the suspension or disbarment was predicated;

    (7) that the petitioner has the requisite honesty and professional integrity to resume the practice of law; and

    (8) that the petitioner's resumption of the practice of law will not be detrimental to the administration of justice.

## III. Factual Findings

The uncontroverted evidence presented to the Panel shows Petitioner's professional rehabilitation. Petitioner has consistently treated with his psychiatrist, Dr. Carol Tavani.[14] Petitioner has been treating with Dr. Tavani since 1990 when she first diagnosed him with depression.[15] While Petitioner initially resisted accepting his diagnoses and engaging in treatment, his mounting personal and professional struggles convinced him to engage in treatment and take

---

[13] "[T]o establish something by clear and convincing evidence means to prove something is highly probable, reasonably certain and free from serious doubt." *Clark v. Clark*, 2010 WL 2163902 (Del).

[14] Stip. of Fact ¶C2.

[15] Tr. at p 13, 18-23.

3

the medications Dr. Tavani was prescribing.[16] In a July 2016 letter, Dr. Tavani reported that Petitioner has been compliant with treatment since 2009.[17] Dr. Tavani also advised that Petitioner's depression and mood disorders have been in remission for some time and she "fully supports" Petitioner's reinstatement.[18] She describes Petitioner as "a kind, ethical person, who has worked hard [on his recovery]."[19] Petitioner also received psychotherapeutic treatment with Sandra Rabidou, a Licensed Clinical Social Worker, and was discharged from her treatment with her advice and consent.[20] For these reasons, the Panel also finds that Petitioner has met his burden of proving his fitness to practice law.

Petitioner has complied with all disciplinary and other orders.[21] Petitioner has no outstanding claims for restitution.[22] Petitioner cooperated with and provided assistance to the receiver of his law practice.[23] There is no evidence of any prior or subsequent allegations or findings of any violations of any orders or other misconduct in any jurisdiction.

Petitioner has demonstrated overall competence and awareness of recent developments in the law. Petitioner has audited four continuing legal education courses consisting of 7 hours in 2016.[24] Petitioner was also previously employed as a contract paralegal with the Law Offices of Michael R. Ippoliti,[25] and has maintained employment with Stewart Lender Services, a division of Stewart Title Guaranty Company, since December of 2012.[26] William J. Sullivan, Executive Vice

---

[16] Tr. at pp 13-15.
[17] Tr. at p 16, 6-13.
[18] Stip. of Fact Ex. D.
[19] Stip. of Fact Ex. D.
[20] Stip. of Fact ¶C3; Tr. at p 32.
[21] Stip. of Fact ¶C1.
[22] Tr. at pp 14-15.
[23] Tr. at p 15, 1-12.
[24] Stip. of Fact C6.
[25] Tr. at p 36, 1-6.
[26] Stip. of Fact C5.

4

President of Stewart Title, testified that he interacts with Petitioner on a near daily basis, and that he is a trusted and hardworking employee.[27]

Petitioner expressed remorse and testified that he realizes the wrongfulness and seriousness of his misconduct.[28] He has also complied with all the requirements to complete his petition. He was open and honest in his testimony. The Petitioner's resumption of the practice of law will not be detrimental to the administration of justice.

## IV. Recommendation

Based upon the foregoing, the Panel recommends reinstatement with conditions. The Panel recommends the following conditions:

(1) Within eight months immediately following reinstatement, and in addition to any CLE credits Petitioner will be required to complete as an active member of the Delaware Bar, Petitioner will attend 48 CLE credits, including 30 Enhanced Ethics credits (which can be either live or video replay);

(2) For two years immediately following reinstatement, Petitioner must continue treatment with Dr. Tavani (or another licensed psychiatrist, after notice to ODC), and comply with all recommendations, including, but not limited to, attending all scheduled appointments and taking all medications;

(3) For two years immediately following reinstatement, Petitioner must agree to and participate in monitoring by DE-LAP;

(4) For two years immediately following reinstatement, Petitioner must cooperate with ODC in monitoring compliance with the terms of probation; and

---

[27] Tr. at pp 20-28.
[28] Tr. at pp 39-40.

5

(5) For two years immediately following Petitioner's return to continuous active practice of law, written notice of which must be provided to the Office of Disciplinary Counsel, Petitioner must not engage in the practice of law as a solo practitioner or serve as the managing partner of any firm.

We believe the sanctions and conditions on reinstatement satisfy the stated objectives of the lawyer discipline system "to protect the public, to protect the administration of justice, to preserve confidence in the legal profession, and to deter other lawyers from similar misconduct".[29]

Conclusion and Signature Pages Follow

---

[29] *In re Bailey*, 821 A.2d 851, 866 (Del. 2003).

## CONCLUSION

For the reasons stated herein, we recommend reinstatement with conditions.

Respectfully submitted,

Dated:

D. Benjamin Snyder, Esquire
Panel Chair


Deirdre McCartney, Esquire
Member


Louise Rosselle
Member

## CONCLUSION

For the reasons stated herein, we recommend reinstatement with conditions.

Respectfully submitted,

Dated:

_____
D. Benjamin Snyder, Esquire
Panel Chair

_____
Deirdre McCartney, Esquire
Member

_____
Louise Rosselle
Member

## CONCLUSION

For the reasons stated herein, we recommend reinstatement with conditions.

Respectfully submitted,

Dated:

_____
D. Benjamin Snyder, Esquire
Panel Chair


_____
Deirdre McCartney, Esquire
Member

_____
Louise Rosselle
Member

7